■ MORTON DINERSTEIN et al., Petitioners, and CRAIG SMALL, Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Board of Education of the City of New York to place petitioners, tenured teachers, in positions in tenure areas in which they had previously served under license, the appeal, as limited by appellants' brief, is from so much of a judgment of the Supreme Court, Kings County, entered May 16, 1977, as granted the petition as to Craig Small. Judgment reversed insofar as appealed from, without costs or disbursements, and the proceeding as to Craig Small is dismissed on the merits. After the petitioner Craig Small was laid off in September, 1976 from his tenured teaching position in the tenure

area of "Home-Bound", he sought replacement in a prior tenure area, earth science, to which he had been appointed in 1970 and had taught for one year. Small invoked that portion of section 2588 (subd 4, par [a]) of the Education Law, which provides: "A member of the teaching or supervisory staff who has been regularly appointed whose services are terminated pursuant to this section * * * shall be entitled to displace the person with least seniority serving in the tenure area of such other position, if he has greater seniority, based on length of service as a member of the teaching or supervising staff in the city school district". The board of education denied Small's application because he was not tenured in his former license area of earth science. The board claimed then, as it does now, that section 2588 (subd 4, par [a]) of the Education Law does not entitle a nontenured teacher to displace a tenured teacher. Special Term, however, granted the petition as to Small, permitting him to revert to his prior license area. The court held that the key to displacement under paragraph (a) of subdivision 4 was seniority, not tenure. We disagree with Special Term's construction of the statute. The right to revert to a former license area accorded to laid-off teachers within the City of New York pursuant to section 2588 (subd 4, par [a]) of the Education Law is predicated on the dual consideration of the seniority and tenure status of both the teacher seeking the relief of the statute and the teacher who is to be displaced. A teacher who is nontenured in his former license area can replace a teacher who is also nontenured in that same area, provided that the displacing teacher has seniority, in the New York City system, over the teacher he seeks to displace. However, a teacher not tenured in his former license area cannot displace a teacher tenured in that same area, regardless of the fact that the displacing teacher, as in the case at bar, may have seniority in the New York City system over the teacher he seeks to displace. A tenured teacher may only be displaced under section 2588 (subd 4, par [a]) by a teacher who has attained tenure in that same tenure area *and* has acquired seniority in the New York City system. This interpretation parallels the scheme of teacher layoffs outlined in section 2588 (subd 3, par [a]) of the Education Law and is consonant with the policy of that law to abide by the tenure system. Damiani, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.